UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEEPER'S OF AUBURN, INC., | Case No. 10-13682 |
| Plaintiff, | John Corbett O'Meara |
| vs. | United States District Judge |
| KWJB ENTERPRISE, L.L.C., *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION TO STRIKE (Dkt. 12)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed a motion to strike defendant's affirmative defenses.  (Dkt. 12).

This motion was referring to the undersigned for hearing and determination by

District Judge John Corbett O'Meara.[1]  (Dkt. 13).  Defendant filed a response on

January 3, 2011.  (Dkt. 16).  Plaintiff filed a reply on January 18, 2011.  (Dkt. 17).

The parties agreed to have this matter decided without a hearing.  This matter is

---

[1] A motion to strike an affirmative defense is generally considered to be a dispositive motion and thus, the undersigned has prepared a report and recommendation, rather than an order.  *Snow v. Kemp*, 2011 WL 321651, *1 n. 2 (W.D. Tenn. 2011), citing, *Ruffin v. Frito-Lay, Inc.*, 2010 WL 2663185, at *1 (E.D. Mich. 2010); *Del-Nat Tire Corp. v. A to Z Tire & Battery*, *Inc.*, 2009 WL 4884435, at *2 (W.D. Tenn. 2009); *Specialty Minerals*, *Inc. v. Pleuss-Staufer AG*, 395 F.Supp.2d 109, 111 (S.D. N.Y. 2005) ("motion to strike an affirmative defense is clearly 'dispositive of a ... defense of a party.'"); *United States v. Davis*, 794 F.Supp. 67, 68 (D. R.I. 1992) ("[a]n order striking affirmative defenses is dispositive of those defenses ...").

now ready for report and recommendation.

## II. ANALYSIS AND CONCLUSION

Rule 12(f) provides that a party may move to strike within 21 days of being served with the pleading. Fed.R.Civ.P. 12(f). Here, it is clear that plaintiff did not timely file its motion. Rule 12(f) also permits the court to consider the sufficiency of a defense at any time, given that a court may strike a defense *sua sponte*. *Id*. However, given the extensive case law disfavoring motions to strike under Rule 12(f), particularly those seeking to strike affirmative defenses, as discussed in detail below, along with the untimeliness of plaintiff's motion, the undersigned recommends denying plaintiff's motions to strike defendants' affirmative defenses.

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, the Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Courts disfavor motions to strike because they "propose[ ] a drastic remedy." *Wrench LLC v. Taco Bell Corp.*, 36 F.Supp.2d 787, 789 (W.D. Mich. 1998), quoting, *Resolution Trust Corp. v. Vanderweele*, 833 F.Supp. 1383, 1387 (N.D. Ind. 1993). In addition, such motions "are generally regarded with disfavor because of the limited importance on pleading in federal practice, and because they are often used as a delaying tactic." *United States v. Quadrini*, 2007 WL 4303213, *3 (E.D. Mich. 2007), quoting, *Quintani v. Baca*, 233 F.R.D. 562,

564 (C.D. Cal. 2003). However, a court has "liberal discretion" to strike such filings as it deems appropriate under Rule 12(f). *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000); 2 Moore's Federal Practice § 12.37 (3d ed. 2002). A motion to strike is a drastic remedy that should be used sparingly and only when the purposes of justice require. *Driving School Assoc. of Ohio v. Shipley*, 2006 WL 2667017, *1 (N.D. Ohio 2006), citing, *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

A motion to strike an affirmative defense under Rule 12(f) "is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.'" *United States Sec. & Exch. Comm'n. v. Thorn*, 2002 WL 31412440, *2 (S.D. Ohio 2002), quoting, *Ameriwood Industries Int'l Corp. v. Arthur Andersen & Co.*, 961 F.Supp. 1078, 1083 (W.D. Mich. 1997); *see also United States v. Pretty Products, Inc.*, 780 F.Supp. 1488, 1498 (S.D. Ohio 1991) (stating that motions to strike may be appropriate where they "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case") (internal quotation marks omitted). Such a motion is also proper "if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Thorn*, 2002 WL 31412440, *2.

However, the Sixth Circuit has held that "because of the practical difficulty

of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). Thus, such a motion should only be granted "when the pleading to be stricken has no possible relation to the controversy." *Id*. Generally, a 12(f) "motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *Pretty Products*, 780 F.Supp. at 1498. Additionally, the court "may only strike those defenses 'so legally insufficient that it is beyond cavil that defendants could not prevail on them.'" *Id.*, citing, *United States v. Kramer*, 757 F.Supp. 397, 410 (D. N.J. 1991). The decision whether to strike an affirmative defense is wholly discretionary. *Conocophillips Co. v. Shaffer*, 2005 WL 2280393, at *2 (N.D. Ohio 2005) ("Rule 12(f) permits the Court to act with discretion in that it may strike irrelevant and superfluous defenses or let them stand. There is absolutely no harm in letting them remain in the pleadings if, as the Plaintiff contends, they are inapplicable.")

The questions plaintiff raises regarding the factual bases for defendants' affirmative defenses can and should be addressed during the discovery process, not through a motion to strike. For example, in *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998), the Sixth Circuit evaluated, and found sufficient, an

affirmative defense where a defendant which simply stated "Plaintiffs' claims are barred by the doctrine of res judicata." The detail requested by plaintiff is simply not necessary in a responsive pleading.

Plaintiff's motion is based primarily on its assertion that the new pleading standards of *Iqbal*[2] and *Twombly*[3] apply to affirmative defenses. The undersigned, however, agrees with the recent analysis of this issue contained in *Sewell v. Allied Interstate*, 2011 WL 32209, *7 (E.D. Tenn. 2011), which concluded that "[b]ecause *Twombly* and *Iqbal* do not expressly apply to defenses, and because the Court of Appeals for the Sixth Circuit has not expanded the heightened pleading, this Court declines to do so." The *Sewell* court relied on several district court decisions from within the Sixth Circuit: *McLemore v. Regions Bank*, 2010 WL 1010092, at *13 (M.D. Tenn. 2010) (declining to apply *Twombly's* plausibility standard to affirmative defenses); *First Nat'l Ins. Co. of Am. v. Camps Servs.*, 2009 WL 22861, at *2 (E.D. Mich. 2009) ("*Twombly's* analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable to this motion under Rule 8(c)."); *Hahn v. Best Recovery Servs., LLC*, 2010 WL 4483375, at *2-3 (E.D. Mich. 2010) (holding the same). Absent more contrary direction from the Sixth Circuit, "'an affirmative defense may be pleaded in general terms and will be held

---

[2] *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

to be sufficient ... as long as it gives plaintiff fair notice of the nature of the offense.'" *Lawrence v. Chabot*, 182 Fed.Appx. 442, 456 (6th Cir. 2006), quoting, 5 Wright & Miller, Federal Practice and Procedure § 1274). There is no question that defendant's affirmative defenses satisfy this standard and plaintiff has not argued otherwise.

The undersigned also suggests that there is no prejudice to plaintiff in allowing these defenses to stand. Just as plaintiff bears the burden of proof on its claims, defendant bears the burden of proving its affirmative defenses. The undersigned agrees with *Conocophillips*, 2005 WL 2280393, at *2 that "Rule 12(f) permits the Court to act with discretion in that it may strike irrelevant and superfluous defenses or let them stand" and that ultimately, "[t]here is absolutely no harm in letting them remain in the pleadings if, as the Plaintiff contends, they are inapplicable."

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion to strike be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

    Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 16, 2011                                    s/Michael Hluchaniuk
                                                                       Michael Hluchaniuk
                                                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

     I certify that on March 16, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: John J. Stockdale, Michael R. Wernette, Tracey L. Porter, Andrea L. Moody, Carmen M. Bickerdt.

                                          s/Darlene Chubb
                                          Judicial Assistant
                                          (810) 341-7850
                                          darlene_chubb@mied.uscourts.gov